UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 2:20-CR-00074-1-JRG-CRW |
| ) | |
| CHARLES ELSEA, JR. ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Charles Elsea, Jr.'s pro se motions [Docs. 174 & 175] and his counsel's motion to withdraw [Doc. 176]. In the pro se motions, Mr. Elsea waived his constitutional right to counsel and expressed his desire to proceed without counsel. [Def.'s First Mot., Doc. 174, at 5]. He also moved the Court, under 18 U.S.C. § 4241, to order "a psychiatric or psychological evaluation of any and all wittness [sic] or co-defendants who where [sic] used to create [his] indictment and or will be used against [him] in trial." [Def.'s Second Mot., Doc. 175, at 1]. In response, his counsel, Jonathan S. Cave, Esq., filed his motion to withdraw. On Tuesday, August 31, 2021, the Court held a hearing at which it addressed Mr. Elsea's request to proceed pro se. Mr. Elsea, his counsel, and the government were present for the hearing.

"[T]he right of a defendant in a criminal case to defend [himself] pro se is as clearly established as a criminal defendant's right to counsel." *United States v. Conder*, 423 F.2d 904, 907–08 (6th Cir. 1970) (citations omitted). But before allowing a defendant to represent himself in a criminal case, the Court "must conduct a colloquy substantially similar to the one set forth in the *Bench Book for United States District Judges*," which contains "several questions and statements that are designed to gauge the defendant's understanding of the legal proceedings, to assess his willingness to bear the consequences of proceeding pro se, and to urge him to accept

the assistance of appointed counsel." *United States v. Modena*, 302 F.3d 626, 630 (6th Cir. 2002) (citations omitted); *see Faretta v. California*, 422 U.S. 806, 835 (1975) (stating that a defendant must "knowingly and intelligently" waive his right to counsel (quotation omitted)). The Court performed this colloquy at Mr. Elsea's hearing, and Mr. Elsea, after listening to the Court's statements and answering its questions, was adamant that he wished to proceed without counsel. The Court then made "an express finding" that Mr. Elsea had knowingly and intelligently waived his constitutional right to counsel and granted his motion to proceed pro se. *Modena*, 302 F.3d at 630.

Over Mr. Elsea's objection, however, the Court ordered Mr. Cave to serve as Mr. Elsea's standby counsel. *See Martinez v. Court of Appeal of Cal., Fourth Appellate Dist.*, 528 U.S. 152, 162 (2000) (stating that a court may appoint standby counsel to a defendant if necessary, "even over the defendant's objection" (citation omitted)); *see also United States v. Davidson*, No. 3:08-CR-169, 2009 WL 1346064, at *2 (E.D. Tenn. May 12, 2009) ("The appointment of standby counsel, even over a *pro se* defendant's objection, does not violate the defendant's right to represent him or herself." (citing *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984); *Faretta,* 422 U.S. at 834 n.46))). In doing so, the Court cited Mr. Elsea's acknowledgments that he was unfamiliar with the Federal Rules of Criminal Procedure, the Federal Rules of Evidence, and the United States Sentencing Guidelines. The Court also cited its concern that Mr. Elsea, while awaiting trial in prison, could potentially be handling documents in discovery that would compromise his safety. Mr. Cave's role will simply be "to aid [Mr. Elsea] if and when [he] requests help, and to be available to represent [him] in the event that termination of [his] self-representation is necessary." *Faretta*, 422 U.S. at 834 n.46 (citation omitted).

2

The Court therefore **ORDERS** as follows:

1. Mr. Elsea's pro se motion to proceed without counsel [Doc. 174] is **GRANTED**. The Court, however, reserves the right to terminate Mr. Elsea's self-representation at any time if necessary.

2. Mr. Cave's motion to withdraw [Doc. 176] is **GRANTED**, and Mr. Cave is **RELIEVED** of his representation of Mr. Elsea. Mr. Cave's motion for leave to file affidavit under seal [Doc. 177] is **GRANTED**.

3. Mr. Cave, however, is **ORDERED** to serve as Mr. Elsea's standby counsel.

4. Mr. Elsea's pro se motion for a psychiatric evaluation of witnesses and co-defendants [Doc. 175] is **DENIED**.[1]

5. All the parties are **ORDERED** to appear before the Court for a status conference on Tuesday, September 14, 2021, at 11:00.

6. The United States Marshals Service is **ORDERED** to return all Defendants to this district for the hearing.

So ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE

---

[1] As the Court stated during the hearing, 18 U.S.C. § 4241 does not allow for a psychiatric examination of witnesses or co-defendants.

3

Case 2:20-cr-00074-JRG-CRW   Document 181   Filed 09/01/21   Page 3 of 3   PageID #: 427