UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:20-CR-00074-1-JRG-CRW |
| | ) |
| CHARLES ELSEA, JR. | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Charles Elsea, Jr.'s, Pro Se Appeal [Doc. 215] and the United States' Response [Doc. 216]. For the reasons herein, the Court will affirm the denial of Mr. Elsea's Motion to Compel [Doc. 198].

### I. BACKGROUND

Mr. Elsea, who is acting pro se, recently moved the Court to compel the United States to produce audio and video recordings of his transport from the Laurel County Detention Center to the James H. Quillen United States Courthouse on September 14, 2021. [Def.'s Mot. Compel at 1]. He also moved the Court compel the United States to produce recordings from the United States Marshal's Service's cell block inside the courthouse. [*Id.*]. According to Mr. Elsea, these recordings contain "exculpatory statements" by co-defendants and expose "ethical violations" by the United States Attorney's Office. [*Id.*]. In response, the United States stated that, after inquiring with the Laurel County Detention Center and the United States Marshal's Service, it learned the audio recordings at issue do not exist, and it argued that it "cannot provide evidence that is not in its 'possession, custody, or control.'" [United States' Resp., Doc. 200, at 1 (quoting Fed. R. Crim. P. 16 (a)(1)(E)(i))].

The Honorable Cynthia R. Wyrick, United States Magistrate Judge, accepted the United States' argument, stating that it "cannot be compelled to provide items that do not exist" and

denying Mr. Elsea's motion. [Order, Doc. 204, at 2]. Mr. Elsea now appeals Judge Wyrick's decision. Having now carefully reviewed and considered Mr. Elsea's arguments and the United States' response, the Court is prepared to rule on Mr. Elsea's appeal.

## II. STANDARD OF REVIEW

Judge Wyrick's denial of Mr. Elsea's request for the release of alleged *Brady* material is a non-dispositive matter that she addressed under 28 U.S.C. § 636(b)(1)(A). *See United States v. Collins*, 875 F. Supp. 401, 402 (E.D. Mich. 1995) (referring to a defendant's discovery motion as a non-dispositive motion); *see also United States v. Hamzeh*, No. 16–cr–21–pp, 2018 WL 2754079, at *2 (E.D. Wis. June 8, 2018) (characterizing the defendant's discovery motion, in which he "ask[ed] the court to order the government to produce certain material" under *Brady*, as a non-dispositive motion); *United States v. Wilson*, 213 F. Supp. 3d 499, 502 (W.D.N.Y. 2016) (treating a motion for release of *Brady* materials as non-dispositive). Because Mr. Elsea appeals a non-dispositive decision from Judge Wyrick, he must demonstrate that her decision is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). The clearly-erroneous standard applies to Judge Wyrick's findings of fact, whereas the contrary-to-law standard applies to her legal conclusions. *United States v. Hofstetter*, 423 F. Supp. 3d 502, 505 (E.D. Tenn. 2019).

## III. ANALYSIS

Mr. Elsea contends that "the statements made by [his] co-defendants are material to [his] defense" and that he is therefore entitled to the audio recordings under *United States v. Brady*, 373 U.S. 83 (1963). [Def.'s Appeal at 1]. In response, the United States reiterates that it cannot provide him with evidence not in its possession. In *Brady*, the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused . . . violates due process

2

where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. 87.

To establish that the United States has failed to produce *Brady* material, Mr. Elsea must demonstrate that (1) the evidence at issue is favorable to him, (2) the United States suppressed the evidence, and (3) the suppression of the evidence was prejudicial to him. *United States v. Dhaliwal*, 464 F. App'x 498, 505 (6th Cir. 2012). *Brady*, however, only requires that the United States turn over evidence that is actually in its possession. *United States v. Jones*, 399 F.3d 640, 647 (6th Cir. 2005). Mr. Elsea challenges Judge Wyrick's finding that the recordings are not in the United States' possession by asserting that she erroneously based her finding "on hearsay" and the United States' "tall tales" of having spoken with the Laurel County Detention Center and the United States Marshal's Service. [Def.'s Appeal at 1–2].

These assertions are conclusory and wildly speculative and are therefore incapable of establishing a *Brady* claim—let alone clear error on Judge Wyrick's part. *See United States v. Stark*, 758 F. App'x 518, 520 (6th Cir. 2019) ("[T]o challenge the government's representation that it does not have *Brady* evidence, [the defendant] must do more than speculate that *Brady* material exists." (quoting *United States v. Lucas*, 841 F.3d 796, 809 (9th Cir. 2016))). Besides, Mr. Elsea, by his own account, is already aware of the exculpatory statements and the nature of those statements because he was present with his co-defendants when they purportedly uttered them. *Compare* [Def.'s Mot. at 1 (declaring that the alleged exculpatory statements were "made by co-conspirators to me on transport van ride")], *with United States v. Todd*, 920 F.2d 399, 405 (6th Cir. 1990) (stating that when a defendant is "aware of the essential facts that would enable him to take advantage of the exculpatory evidence," the United States' non-disclosure of that evidence is not a *Brady* violation). At trial, Mr. Elsea, if he so chooses, will be free to take

3

advantage of his knowledge of the alleged exculpatory statements by questioning his co-conspirators about them on direct examination or cross examination. In sum, Judge Wyrick's decision was neither clearly erroneous nor contrary to law, and her order denying Mr. Elsea's motion [Doc. 204] is therefore **AFFIRMED**.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE