UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:20-CR-00074-1-JRG-CRW |
| | ) | |
| CHARLES ELSEA, JR. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Charles Elsea, Jr.'s motions for extension of time [Docs. 369 & 373] and motions in limine [Docs. 370, 372, 374, & 375]. Mr. Elsea previously waived his right to counsel and is proceeding pro se. *See* [Mem. Op. & Order, Doc. 181, at 1–3]. Under the Court's scheduling order [Doc. 348], the motions deadline in this case was January 10, 2022. On January 5, 2022, during a status conference, the Court explained to Mr. Elsea that it would permit him, in response to his receipt of recent discovery related to charges in the superseding indictment, to file belated motions *if* he could make a showing of good cause.

Mr. Elsea has now filed several motions in limine, and they are tardy. In coming to the Court with tardy motions in hand, he simultaneously requests a nunc pro tunc extension of the motions deadline, citing his "last minute attempts to prepare for trial" [Def.'s First Mot. for Extension, Doc. 369, at 1], and his realization that "new discovery had been downloaded to a [sic] old discovery disk," [Def.'s Second Mot. for Extension, Doc. 373, at 1]. But Mr. Elsea concedes that he is only now "just reviewing" the new discovery, [*id.*], so his belated motions in limine are not based on the content of the new discovery at all but on the preexisting record. The Court therefore cannot conclude that he has exercised diligence in attempting to meet the now-expired motions deadline. *Cf. Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) ("The

primary measure of [the] 'good cause' standard is the moving party's diligence in attempting to meet the [scheduling] order's requirements."); *Birge v. Dollar Gen. Corp.*, No. 04-2531 B, 2006 WL 133480, at *1 (W.D. Tenn. Jan. 12, 2006) ("[A] court's scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded . . . without peril[.]" (quotation omitted)); *see generally Fields v. County of Lapeer*, No. 99-2191, 2000 WL 1720727, at *2 (6th Cir. Nov. 8, 2000) (recognizing that "it is incumbent on litigants, even those proceeding pro se, to follow the . . . rules of procedure" (quoting *Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980))).

Although the tardiness of Mr. Elsea's motions forecloses his request for the exclusion of certain evidence in limine, i.e., the exclusion of evidence *before* trial, he remains free to raise contemporaneous objections *during* trial on the evidentiary issues he has identified in his motions—e.g., evidence concerning his affiliation with the Aryan Brotherhood, his views on race, and his religious beliefs. The Court, however, will not allow him to renew his objection that the United States has engaged in prosecutorial misconduct—i.e., has illegally "promise[d] [certain witnesses] deals [to] lure them to testify and guarantee them pacific [sic] sentences," [Def.'s First Mot. in Limine, Doc. 370, at 2]—because, as it stands, it is frivolous. *See Pillsbury Co. v. Conboy*, 459 U.S. 248, 252 (1983) ("It is settled that government must have the power to compel testimony 'to secure information necessary for effective law enforcement.'" (quotation and footnote omitted)); *United States v. Hilson*, 152 F. App'x 452, 453 (6th Cir. 2005) (referring to "the government's discretion" to recommend a lesser sentence for a defendant based on his or her substantial assistance); *United States v. Fitch*, 964 F.2d 571, 574 (6th Cir. 1992) ("To secure a defendant's cooperation in a criminal investigation, the government may informally grant him immunity in exchange for his testimony." (citation omitted)); *see generally Jefferson v. United*

*States*, 730 F.3d 537, 541 (6th Cir. 2013) ("Several coconspirators . . . cooperated with the government in exchange for favorable plea agreements and testified as to the nature of the conspiracy and defendants' connections to it.").

Even so, Mr. Elsea may attempt to impeach the credibility of any of the witnesses that the United States calls during trial by asking whether they have received a deal in exchange for their testimony. *See Bell v. Bell*, 512 F.3d 223, 233 (6th Cir. 2008) (observing that "[i]t is well established that an express agreement between the prosecution and a witness is possible impeachment material" (citation omitted)); *see also Jefferson*, 730 F.3d at 541 ("On cross-examination, these witnesses testified that the sentences the government agreed to recommend pursuant to the plea agreements were far lower than the sentences they would face for the full scope of criminal activity to which each admitted.").

In sum, Mr. Elsea's motions for extension of time [Docs. 369 & 373] are **DENIED** for failure to show good cause, and his motions in limine [Docs. 370, 372, 374, & 375] are **DENIED** as untimely.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
