UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:20-CR-00074-1-JRG-CRW |
| | ) |
| CHARLES ELSEA, JR. | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Charles Elsea, Jr.'s motion [Doc. 451], in which he requests permission to file an interlocutory appeal of the Court's Order [Doc. 382] denying his motions in limine. Mr. Elsea previously waived his right to counsel and is acting pro se. *See* [Mem. Op. & Order, Doc. 181, at 1–3]. Under 28 U.S.C. § 1291, Congress created a final-judgment rule, which states that "[t]he courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States," 28 U.S.C. § 1291, "both civil and criminal," *Abney v. United States*, 431 U.S. 651, 657 (1977). "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945).

In a criminal case, the final-judgment rule typically forecloses appellate review until after the defendant's conviction and the district court's imposition of sentence. *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989). The policy behind the final-judgment rule is straightforward: "Without the final order rule, cases might bounce back and forth between the trial and appellate courts, as disgruntled litigants seek to reverse each and every ruling, no matter how minor." *United States v. Martirossian*, 917 F.3d 883, 886 (6th Cir. 2019). This policy is at its "apex" in criminal cases. *Id.* (citing *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 265 (1982). As a general rule, a district court's pretrial denial of a defendant's motion in limine

is not an appealable final order. *See United States v. Bilsky*, 664 F.2d 613, 615 n.1 (6th Cir. 1981). Still, a few "narrow" exceptions exist to the final-judgment rule, for a "limited class of final collateral orders." *Midland Asphalt Corp.*, 489 U.S. at 798, 799. "To fall within the limited class of final collateral orders, an order must (1) 'conclusively determine the disputed question,' (2) 'resolve an important issue completely separate from the merits of the action,' and (3) 'be effectively unreviewable on appeal from a final judgment.'" *Id.* (quotation omitted).

The Court's denial of Mr. Elsea's motions in limine does not meet the first criteria of the collateral-order rule because it was not a conclusive determination of the evidentiary issues that he raised in his motion. A motion in limine is merely "a tentative, interlocutory, precautionary ruling" that amounts to nothing more than the Court's "anticipatory treatment of the evidentiary issue," and the Court "is certainly at liberty . . . to consider the admissibility of the disputed evidence in its actual context," i.e., during trial. *Haralson v. Mid-Ohio Secs. Corp.*, No. 1:04CV637, 2006 WL 2422906, at *1 (N.D. Ohio Aug. 21, 2006) (quotation omitted); *see Luce v. United States*, 469 U.S. 38, 41–42 (1984) ("[T]he district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.").

The Court made clear to Mr. Elsea that its denial of his motions in limine was only a preliminary ruling, having granted him leave to reraise at trial the evidentiary issues that he identified in his motion. *See* [Mem. Op. & Order, Doc. 382, at 2 ("[Mr. Elsea] remains free to raise contemporaneous objections *during* trial on the evidentiary issues he has identified in his motions—e.g., evidence concerning his affiliation with the Aryan Brotherhood, his views on race, and his religious beliefs."). If the Court, over Mr. Elsea's objection, ultimately admits at trial any evidence that Mr. Elsea believes is unduly prejudicial, he may then appeal the Court's

2

admission of that evidence following trial. *See United States v. Brady*, 595 F.2d 359, 361 (6th Cir. 1979).

Lastly, although the Court rejected Mr. Elsea's bid to exclude in limine any witnesses to whom the United States allegedly promised "deals [to] lure them to testify and guarantee them pacific [sic] sentences," the Court instructed Mr. Elsea as to how to properly impeach these witnesses. [Mem. Op. & Order at 2–3]. Still, the Court, admittedly, did adopt a tone of finality when it rejected Mr. Elsea's request to exclude these witnesses in limine, having stated that it would "not allow him to renew his objection that the United States has engaged in prosecutorial misconduct—i.e., has illegally 'promise[d] [certain witnesses] deals [to] lure them to testify and guarantee them pacific [sic] sentences,' [Def.'s First Mot. in Limine, Doc. 370, at 2]—because, as it stands, it is frivolous." [Mem. Op. & Order at 2]. Although his claim of prosecutorial misconduct is patently frivolous in the Court's eyes,[1] he nonetheless has a right to preserve this claim for appeal, to the extent that he believes that the United States has improperly procured witnesses' testimony against him. *See United States v. Beasley*, 583 F.3d 384, 392 (6th Cir. 2009). The Court will therefore permit him to object at trial to the United States' reliance on certain witnesses for the purpose of preserving his prosecutorial misconduct claim for appeal, which he may pursue following trial. *See id.*.

In sum, the Court's denial of Mr. Elsea's motions in limine is not a final decision under § 1291, and it does not fit within the narrow limits of the collateral-order doctrine. Mr. Elsea

---

[1] *See Pillsbury Co. v. Conboy*, 459 U.S. 248, 252 (1983) ("It is settled that government must have the power to compel testimony 'to secure information necessary for effective law enforcement.'" (quotation and footnote omitted)); *United States v. Hilson*, 152 F. App'x 452, 453 (6th Cir. 2005) (referring to "the government's discretion" to recommend a lesser sentence for a defendant based on his or her substantial assistance); *United States v. Fitch*, 964 F.2d 571, 574 (6th Cir. 1992) ("To secure a defendant's cooperation in a criminal investigation, the government may informally grant him immunity in exchange for his testimony." (citation omitted)); *see generally Jefferson v. United States*, 730 F.3d 537, 541 (6th Cir. 2013) ("Several coconspirators . . . cooperated with the government in exchange for favorable plea agreements and testified as to the nature of the conspiracy and defendants' connections to it.").

identifies no valid legal basis that compels the Court to grant him leave to file an interlocutory appeal and permit this case to "bounce back and forth" between this Court and the Sixth Circuit Court of Appeals. *Martirossian*, 917 F.3d at 886. After trial, the Court will have made its final rulings as to the admission of all evidence, and at that point, Mr. Elsea may pursue an appeal if he believes the Court has abused its discretion. Mr. Elsea's motion [Doc. 451] is **DENIED**.

So ordered.

ENTER:

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE

4

Case 2:20-cr-00074-JRG-CRW   Document 463   Filed 02/14/22   Page 4 of 4   PageID #: 1208