UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:20-CR-00074-1-JRG-CRW |
| | ) | |
| CHARLES ELSEA, JR. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Charles Elsea, Jr.'s motion [Doc. 415], in which he moves the Court to dismiss the indictment [Doc. 3] and superseding indictment [Doc. 280], citing a violation of the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*. The United States has responded in opposition to his motion. [United States' Resp., Doc. 476]. Mr. Elsea previously waived his right to representation and is acting pro se. *See* [Mem. Op. & Order, Doc. 181, at 1–3]. For the reasons herein, the Court will deny Mr. Elsea's motion.

### I. THE SPEEDY TRIAL ACT

Under the Speedy Trial Act, Mr. Elsea has a right to a speedy trial, which means that his trial must begin within seventy days of the filing of the indictment or his initial appearance, whichever occurs later. § 3161(c)(1). The Speedy Trial Act, however, "gives the district court discretion—within limits and subject to specific procedures—to accommodate limited delays for case-specific needs," and "[m]uch of the Act's flexibility" for the accommodation of limited delays "is furnished by" § 3161(h)(7), which governs "ends-of-justice continuances." *Zedner v. United States*, 547 U.S. 489, 498–99 (2006). Section 3161(h)(7) states:

> The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:
>
> . . . .

> (7)(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

3161(h)(7)(A). If the United States delays trial beyond the seventy-day time limit and does not exclude delays under § 3161, the Court must dismiss the indictment upon a defendant's filing of a motion to dismiss, which Mr. Elsea has now filed. § 3161(a)(1)–(2). Mr. Elsea can establish a prima facie violation of the Speedy Trial Act by showing that the United States has not brought him to trial within the seventy-day period. *United States v. Gardner*, 488 F.3d 700, 717 (6th Cir. 2007). If he can establish a prima facie violation, the United States then carries "the burden of showing that, after taking into account time excludable from the seventy-day period, [Mr. Elsea] [will be] brought to trial during the statutorily mandated period." *Id.* (citation omitted).

## II. ANALYSIS

The United States indicted Mr. Elsea and his co-defendants on September 1, 2020, on two charges: a conspiracy to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A), and a conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and (h). [Indictment, Doc. 3, at 1–4]. On the charge of conspiracy to commit money laundering, the United States alleged that the specified unlawful activity underlying the conspiracy was the distribution of methamphetamine. [*Id.* at 4]. Mr. Elsea made his initial appearance on these charges on October 26, 2020, and he entered a plea of not guilty. [Minute Entry, Doc. 72, at 1]. The speedy-trial clock therefore began to run on October 26, 2020. *See* § 3161(c)(1) ("In any case in which a plea of not guilty is entered, the trial of a

2

Case 2:20-cr-00074-JRG-CRW   Document 480   Filed 02/23/22   Page 2 of 11   PageID #: 1391

defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." (emphasis added)).[1] Without an excludable delay, the speedy trial clock would have expired on January 4, 2021, the seventy-day deadline. Because Mr. Elsea was not brought to trial by this date, he has established a prima facie violation of the Speedy Trial Act.[2]

On December 14, 2021, the United States filed a superseding indictment, in which it levied two new charges against Mr. Elsea and his codefendants: a conspiracy to distribute a hundred kilograms or more of a mixture and substance containing a detectable amount of marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B), and a conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and (h). [Superseding Indictment, Doc. 280, at 2].[3] On the charge of conspiracy to commit money laundering, the United States, this time, alleged that the specified unlawful activity underlying the conspiracy was the distribution of methamphetamine and/or marijuana. [*Id.*]. On December 15, 2021, a day after the filing of the superseding indictment, Mr. Elsea and co-defendant Robert McClure—the only remaining defendants who had yet to enter into plea agreements—made their initial appearances together on the superseding charges and each entered a plea of not guilty. [Minute Entry, Doc. 284, at 1].

---

[1] Of the seven defendants in this case, Mr. Elsea was the last to make an initial appearance. *See Henderson v. United States,* 476 U.S. 321, 323 n.2 (1986) ("All defendants who are joined for trial generally fall within the speedy trial computation of the latest codefendant.")

[2] In stating that Mr. Elsea has established a prima facie case, the Court does so with the utmost reluctance because, although he asserts that he "do[es] not believe the district court complied with" the Speedy Trial Act, he provides the Court with no intelligible factual or legal basis by which it can conclude that it committed a misstep under the Speedy Trial Act. [Def.'s Mot. at 1].

[3] The superseding indictment did not add new defendants.

3

On this date, a separate speedy trial clock began to run on the new charges. *See United States v. Rojas-Contreras Sylvester*, 474 U.S. 231, 240 (Blackmun, J., concurring) ("In light of Congress' intent to bring defendants quickly to trial, it would make little sense to restart . . . [the] 70-day period[] whenever there is a superseding indictment."); *Sylvester v. United States*, 868 F.3d 503, 508–09 (6th Cir. 2017) ("[T]he [Speedy Trial] Act does not provide for a resetting of the Speedy Trial Clock for existing charges where the government has filed a superseding indictment adding new charges to existing ones. . . . Although this Circuit has not addressed this issue directly, the majority of our sister circuits have held that '[t]he filing of a superseding indictment does not affect the speedy trial clock for offenses charged in the original indictment.'" (quotation and citations omitted)); *Sylvester v. United States*, 110 F. Supp. 3d 738, 748 (E.D. Mich. 2015) ("Rather than restarting the speedy trial clock, the Court should have started separate speedy trial clocks for the new charges."), *aff'd*, 868 F.3d 503 (6th Cir. 2017). This speedy trial clock will expire—in the absence of an excludable delay—on February 23, 2022, the seventy-day deadline. Mr. Elsea has therefore established a prima facie violation of the Speedy Trial Act as to the superseding charges.

Although Mr. Elsea has established a prima facie violation of the speedy trial clock, the United States argues that it "has shown that when considering the excludable time, the defendant will be brought to trial within the requisite 70-day period." [United States' Resp. at 8]. The Court agrees that the United States, in response to Mr. Elsea's prima-facie showing, has met its burden of demonstrating that he "[will be] brought to trial during the statutorily mandated period." *Gardner*, 488 F.3d at 717 (citation omitted).

### A. The Charges in the Original Indictment

Between October 26, 2020, and the currently scheduled trial date of March 1, 2022—the relevant timeframe for the Court's analysis—the Court granted numerous ends-of-justice continuances in response to requests from multiple defendants, including Mr. Elsea. The Court will now review each continuance for compliance with the Speedy Trial Act, while mindful that, first, "under section 3161(h)(7) an exclusion as to one defendant applies to all codefendants," *United States v. Holyfield*, 802 F.2d 846, 848 (6th Cir. 1986), and second, for a delay to be excludable under §3167(h)(7)(A), the Court must articulate its "reasons for granting an 'ends of justice' continuance," *United States v. Monger*, 879 F.2d 218, 220–21 (6th Cir. 1989) (citations omitted). Although the Court must state its reasons "with particularity," its "order need not be lengthy." *United States v. Smith*, 510 F. App'x 390, 395 (6th Cir. 2013) (citation omitted); *see id.* at 395–96 (acknowledging that "a detailed motion stating the reasons for a continuance in conjunction with the district court's order provided explicit findings to support a valid ends-of-justice continuance" (citation omitted)).

1. *Nonexcludable Time*

<u>October 26, 2020, to October 29, 2020</u>: Again, October 26, 2020, the date of Mr. Elsea's initial appearance, is the date that triggered the speedy trial clock. The period between October 26, 2020, and October 29, 2020, is non-excludable time under the Speedy Trial Act. This period accounts for three days of non-excludable time.[4]

---

[4] Under Federal Rule of Criminal Procedure 45, the Court, when calculating a period of time "stated in days or a longer unit of time," must (1) "exclude the day of the event that triggers the period," (2) "count every day, including intermediate Saturdays, Sundays, and legal holidays" and (3) "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Crim. P. 45(a)(1)(A)–(C).

2. *Excludable Time*

October 30, 2020, to February 9, 2021: On October 29, 2020, the Court granted an ends-of-justice continuance in response to the multiple parties' requests for further time "to complete discovery and consider necessary motions." [Order, Doc. 80, at 1]. Under § 3161(h)(7)(A), the Court expressly stated that "[t]he ends of justice served by the granting of [this continuance] outweigh the best interests of the public and Defendant in a speedy trial." [*Id.* at 2]. The Court also stated that the period between October 29, 2020, and February 9, 2021, the scheduled trial date, is excludable time under the Speedy Trial Act. [*Id.*]. This period accounts for 103 days of excludable time.

December 21, 2020, to April 13, 2021: On December 21, 2020, Court granted a second ends-of-justice continuance in response to multiple parties' requests for further time "to complete and review discovery, hold attorney-client meetings, and consider options for disposition all of which have been delayed by the COVID-19 pandemic." [Order, Doc. 113, at 1]. Under § 3161(h)(7)(A), the Court expressly stated that "[t]he ends of justice served by the granting of this continuance outweigh the best interests of the public and Defendant in a speedy trial." [*Id.* at 2]. The Court also stated that the period between December 21, 2020, and April 13, 2021, the newly scheduled trial date, is excludable time under the Speedy Trial Act. [*Id.*]. This period accounts for another sixty-three days of excludable time.

February 24, 2021, to May 18, 2021: On February 24, 2020, the Court granted a third ends-of justice continuance in response to multiple parties' requests for more time "to hold attorney-client meetings and review discovery with defendants in-person." [Order, Doc. 124, at 2].[5] Under

---

[5] The Court granted this continuance over Mr. Elsea's objection because "of the ongoing global pandemic and the impact COVID-19 has had in delaying attorney-client meetings and trial preparations." [Order, Doc. 124, at 2]. The Court reasoned that "with the nature of the charges at issue and the number of defendants charged, discovery

6

§ 3161(h)(7)(A), the Court specifically stated that "[t]he ends of justice served by the granting of this continuance outweigh the best interests of the public and Defendant in a speedy trial." [*Id.* at 3]. The Court also stated that the period between February 24, 2021, and May 18, 2021, the newly scheduled trial date, is excludable time under the Speedy Trial Act. [*Id.* at 3]. This period accounts for another thirty-five days of excludable time.

April 6, 2021, to July 20, 2021: On April 6, 2021, the Court granted a fourth ends-of-justice continuance in response to multiple parties' requests for additional time "to review voluminous discovery and meet with [their clients], both of which have been complicated by the ongoing COVID-19 pandemic." [Order, Doc. 136, at 1]. Under § 3161(h)(7)(A), the Court expressly stated that "[t]he ends of justice served by the granting of this continuance outweigh the best interests of the public and Defendant in a speedy trial." [*Id.* at 1–2]. The Court also stated that the period between April 6, 2021, and July 20, 2021, the newly scheduled trial date, is excludable time under the Speedy Trial Act.. [*Id.* at 2]. This period accounts for another sixty-three days of excludable time.

June 1, 2021, to September 21, 2021: On June 1, 2021, the Court granted a fifth ends-of-justice continuance in response to Mr. Elsea's former counsel's request for additional time "to meet with Defendant Elsea, review discovery with his client, and file necessary motions." [Order, Doc. 147, at 1]. Under § 3161(h)(7)(A), the Court specifically stated that "[t]he ends of justice served by the granting of this continuance outweigh the best interests of the public and Defendant in a speedy trial." [*Id.* at 2]. The Court also stated that the period between June 1, 2021, and

is necessarily voluminous; thus, it is almost impossible to meaningfully review discovery with defendants if counsel cannot meet with them in person." [*Id.*].

September 1 2021, the newly scheduled trial date, is excludable time under the Speedy Trial Act. [*Id.*]. This period accounts for another sixty-three days of excludable time.

<u>August 11, 2021, to November 16, 2021</u>: On August 11, 2021, the Court granted a sixth ends-of-justice continuance in response to Mr. Elsea's former counsel's request for further time "to hold attorney-client meetings, interview potential witnesses, undertake investigation, file necessary motions, and to prepare for trial or other disposition." [Order, Doc. 171, at 1]. Under § 3161(h)(7)(A), the Court specifically stated that "[t]he ends of justice served by the granting of this continuance outweigh the best interests of the public and Defendant in a speedy trial." [*Id.*]. The Court also stated that the period between August 11, 2021, and November 16, 2021, the newly schedule trial date, is excludable time under the Speedy Trial Act. [*Id.*]. This period accounts for another fifty-six days of excludable time.

<u>September 16, 2021, to January 11, 2022</u>: On September 16, 2021, the Court granted a seventh ends-of-justice continuance in response to Mr. Elsea's pro se request for "additional time to file potential motions in his defense." [Order, Doc. 197, at 1]. The Court continued the trial to January 11, 2022, and under § 3161(h)(7)(A), it specifically stated that this "continuance of the . . . trial date will . . . serve the ends of justice, outweigh the best interest of the public and Defendants in a speedy trial, and qualify as excludable time under the Speedy Trial Act." [*Id.* at 2]. This continuance accounts for another fifty-six days of excludable time.

<u>December 21, 2021, to February 15, 2022</u>: On December 21, 2021, the Court granted an eighth ends-of-justice continuance in response to Mr. McClure's need for time to review new discovery "associated with the allegations contained in the superseding indictment." [Order, Doc. 293, at 1]. The Court also cited the possibility that the new discovery would affect Mr. Elsea's and Mr. McClure's arguments on the issue of severance, which they had both previously

8

briefed. [*Id.*]. Under § 3161(h)(7)(A), the Court expressly stated that "[t]he ends of justice served by the granting of this continuance outweigh the best interests of the public and Defendant in a speedy trial." [*Id.* at 2]. The Court also stated that the period between December 21, 2021, and February 15, 2022, the newly scheduled trial date, is excludable time under the Speedy Trial Act. [*Id.*]. This period accounts for another thirty-five days of excludable time.[6]

<u>February 2, 2022, to March 1, 2022</u>: On February 2, 2022, the Court granted a ninth ends-of-justice continuance in response to Mr. Elsea's concern that he was "not going to be prepared for trial in time" because he had contracted COVID-19 and was in quarantine. [Order, Doc. 432, at 1]. The Court continued the trial to March 1, 2022, and under § 3161(h)(7)(A), it expressly stated that this "continuance of the . . . trial date will . . . serve the ends of justice, outweigh the best interest of the public and Defendant[] in a speedy trial, and qualify as excludable time under the Speedy Trial Act." [*Id.*]. This continuance accounts for another fourteen days of excludable time.[7]

    3.  *Total Nonexcludable Time and Excludable Time*

Between October 26, 2020, the date on which the speedy trial clock began to run, and March 1, 2022, the currently scheduled trial date, Mr. Elsea will have been detained for 491 total days. The record shows that the Court, under the Speedy Trial Act, properly excluded all of those days except for the three-day interval between October 26, 2020, and October 29, 2020.

---

[6] The Court granted this continuance over Mr. Elsea's objection because "it was not possible for Defendants to fully develop their arguments as to severance at this juncture" without more time to review the discovery on the superseding charges. [Order, Doc. 293, at 1–2].

[7] On January 11, 2022, the Court severed, for purposes of trial, Mr. Elsea from his lone remaining co-defendant, Mr. McClure. [Order, Doc. 357]. The Court's severance order created separate speedy trial clocks for Mr. Elsea and Mr. McClure. *See United States v. Payden*, 620 F. Supp. 1426, 1429 (S.D.N.Y. 1985) ("[A] unitary clock is maintained for all defendants until a defendant seeks a severance. If the severance motion is granted, the severed defendant will operate on a separate Speedy Trial Clock including any days counted under the unitary clock[.]"); *see also Smith*, 510 F. App'x at 393 ("Where, as is the case at bar, multiple defendants are charged together a*nd no severance* has been granted, one speedy trial clock governs." (emphasis added) (citation omitted)).

This three-day interval of nonexcludable time is well within the Speedy Trial Act's seventy-day allotment, and Mr. Elsea's contention that a violation of the Speedy Trial Act has occurred is therefore erroneous.[8]

### B. The Charges in the Superseding Indictment

Between December 15, 2021, the date when the speedy trial clock began to run on the charges in the superseding indictment, and March 1, 2022, the currently scheduled trial date, the Court granted two ends-of-justice continuances. The Court will now review each continuance for compliance with the Speedy Trial Act.

1. *Nonexcludable Time*

December 15, 2021, to December 21, 2021: The period between December 15, 2021, and December 21, 2021, is non-excludable time under the Speedy Trial Act. This period accounts for six days of non-excludable time as to the superseding charges.

2. *Excludable Time*

December 22, 2021, to February 15, 2022: On December 21, 2021, the Court granted an ends-of-justice continuance for the reasons the Court has already mentioned. This continuance accounts for fifty-six days of excludable time as to the superseding charges.

February 2, 2022, to March 1, 2022: On February 2, 2022, the Court granted a second ends-of-justice continuance for the reasons the Court has already mentioned. This continuance accounts for another fourteen days of excludable time as to the superseding charges.

---

[8] Even if the Court's ends-of-justice continuance on December 21, 2021—which largely if not exclusively concerned a request for discovery on the *superseding* charges—should not have counted as excludable time on the *original* charges, the total tally of nonexcludable days would then increase to twenty-five days, still well below the seventy-day allotment.

10

3. *Total Nonexcludable Time and Excludable Time*

Between December 15, 2021, the date on which the speedy trial clock began to run, and March 1, 2022, the currently scheduled trial date, Mr. Elsea will have been detained on the superseding charges for seventy-six total days. The record establishes that the Court, under the Speedy Trial Act, properly excluded all of those days except for the six-day interval between December 15, 2021, and December 21, 2021. This six-day interval of nonexcludable time is well within the Speedy Trial Act's seventy-day allotment, and Mr. Elsea's contention that a violation of the Speedy Trial Act has occurred on the superseding charges is therefore erroneous.

### III. CONCLUSION

Although Mr. Elsea has established a prima facie violation of the Speedy Trial Act, he is not entitled to dismissal of the charges against him because the Court has ensured, by making proper exclusions of time under § 3161(h)(7)(A), that he will face trial within "the statutorily mandated period." *Gardner*, 488 F.3d at 717 (citation omitted). Mr. Elsea's motion to dismiss [Doc. 415] is therefore **DENIED**.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
