UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:20-CR-00074-1-JRG-CRW |
| | ) |
| CHARLES ELSEA, JR. | ) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Charles Elsea, Jr.'s motion [Doc. 483], in which he moves the Court to dismiss the indictment [Doc. 3], citing "misconduct before the grand jury," [Def.'s Mot. at 1]. The United States has responded in opposition to his motion. [United States' Resp., Doc. 488]. Mr. Elsea previously waived his right to representation and is acting pro se. *See* [Mem. Op. & Order, Doc. 181, at 1– 3].

In claiming that an "abuse of [the] federal grand jury process has occurred," Mr. Elsea contends that the United States "knowingly allowed" a federal agent to present "perjured" and "deliberately falsified testimony" before the grand jury. [Def.'s Mot. at 1]. Mr. Elsea argues, or at least suggests, that the alleged perjured testimony was prejudicial to him because it "had an effect on the grand jury decision to indict," and he moves the Court to exercise its "supervisory power" to dismiss the indictment in response to the alleged false testimony, which, he claims, violated 18 U.S.C. § 1503. [*Id.* at 1–2].[1]

The Court does indeed possess inherent supervisory power to dismiss an indictment in response to misconduct before a grand jury, if that conduct violates one of the "few, clear rules which were carefully drafted and approved by th[e] [Supreme] Court and by Congress to ensure the integrity of the grand jury's functions." *United States v. Williams*, 504 U.S. 36, 46 (1992)

---

[1] 18 U.S.C. § 1503 states that "[w]hoever corruptly . . . endeavors to influence, intimidate, or impede any grand or petit juror" is subject to criminal penalties.

(quotation omitted). The Court, however, has only limited ability to exercise this supervisory power because "the grand jury is an institution separate from the courts, over whose functioning the courts do not preside." *Id.* at 47. In addition, as a general rule, "[a]n indictment returned by a legally constituted and unbiased grand jury . . . if valid on its face, is enough to call for trial of the charge on the merits." *Costello v. United States*, 350 U.S. 359, 363 (1956) (footnote omitted). "Because of the well-accepted principle that grand jury indictments are presumed valid," the Sixth Circuit has stated that "extreme caution" is necessary "in dismissing an indictment for alleged grand jury misconduct." *United States v. Overmyer*, 899 F.2d 457, 465 (6th Cir. 1990) (citations omitted).

The Sixth Circuit has, therefore, established a two-part inquiry that a defendant must satisfy to enable a court to dismiss an indictment based on prosecutorial misconduct before a grand jury. First, the defendant must show that "prosecutorial misconduct is a long-standing or common problem in grand jury proceedings in [the] district." *United States v. Griffith*, 756 F.2d 1244, 1249 (6th Cir. 1985) (alteration in original) (quotation omitted). Second, the defendant must establish that the prosecutor's misconduct caused him to suffer actual prejudice. *Id.* The Supreme Court has stated that a defendant, to establish prejudice in this context, must show that the prosecutor's misconduct "substantially influenced the grand jury's decision to indict" or created "'grave' doubt that the decision to indict was free from substantial influence of such violations." *Bank of Nova Scotia v. United States*, 487 U.S. 250, 256 (1988) (quotation omitted).

Mr. Elsea satisfies neither part of the two-part inquiry, and his allegations of perjured testimony are purely speculative, if not for the simple fact that he was, of course, not present for the grand jury proceedings and that the Court denied his prior request for transcripts of those proceedings because he failed to demonstrate a particularized need for them. In any case, the

2

United States correctly argues that Mr. Elsea fails to satisfy the first part of the two-part inquiry because he has not alleged "a long-standing or common problem in the Grand Jury with respect to his complaints." [United States' Resp. at 3]. Also, Mr. Elsea fails to satisfy the second part of the two-part inquiry because he has not identified any perjured testimony, leaving the Court with no basis by which it can possibly assess whether the complained-of misconduct "substantially influenced the grand jury's decision to indict" or created "grave doubt that the decision to indict was free from substantial influence of such violations." *Bank of Nova Scotia*, 487 U.S. at 256. The Court's ability to make this assessment is vital because if the alleged perjured testimony was harmless—e.g., did not involve subject matter that affected Mr. Elsea's substantial rights—the Court lacks authority to use its supervisory power to redress it. *See id.* at 254 ("[A] federal court may not invoke supervisory power to circumvent the harmless-error inquiry prescribed by Federal Rule of Criminal Procedure 52(a)."); *see generally* Fed. R. Crim. P. 52(a) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."); *cf. United States v. Hasting*, 461 U.S. 499, 506 (1983) ("'Supervisory power to reverse a conviction is not needed as a remedy when the error to which it is addressed is harmless since by definition, the conviction would have been obtained notwithstanding the asserted error.").

And lastly, the Court reiterates that it may summon its supervisory power to dismiss an indictment in response to misconduct before a grand jury only if the United States violates one of the "few, clear rules which were carefully drafted and approved by th[e] [Supreme] Court and by Congress to ensure the integrity of the grand jury's functions." *Williams*, 504 U.S. at 46 (quotation omitted). Mr. Elsea claims that the United States' alleged false testimony constitutes prosecutorial misconduct in violation of 18 U.S.C. § 1503, but this statute criminalizes obstruction of justice for coercive and non-coercive acts of bribery before a grand jury and does not set

3

standards for prosecutors. *See United States v. Jeter*, 775 F.2d 670, 677 (6th Cir. 1985). The appropriate statute, which Mr. Elsea does not cite, is 18 U.S.C. § 1623, which forbids knowingly false material testimony before a grand jury. *See Williams*, 504 U.S. at 46 at n.6 (listing § 1623 among statutes that govern "standards of behavior for prosecutors").

In sum, Mr. Elsea falls well short of establishing that the alleged acts of prosecutorial misconduct before the grand jury require the Court to invoke its all-too-rare supervisory power to dismiss the indictment. Mr. Elsea's motion [Doc. 483] is therefore **DENIED**.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE