UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:20-CR-00074-1-JRG-CRW |
| | ) |
| CHARLES ELSEA, JR. | ) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Charles Elsea, Jr.'s pro se motion for permission to file an interlocutory appeal [Doc. 583], "[f]or unnecessary delay of sentencing," [*id.* at 1]. Mr. Elsea previously waived his right to counsel and is acting pro se. *See* [Mem. Op. & Order, Doc. 181, at 1–3]. Following Mr. Elsea's conviction at trial on March 8, 2022, the Court set his sentencing hearing on a date exactly five months later: Monday, August 8, 2022. In response, he requested an earlier date. The Court, however, explained to him that August 8 is the earliest available date for sentencing because the United States Probation Office requires roughly 120 days to prepare and file a presentence investigation report, and the Federal Rules of Criminal Procedure require the Court to give him at least thirty-five days in which to review the presentence investigation report, unless he waives this minimum period. Fed. R. Crim. P. 32(e)(2).

Despite this explanation, Mr. Elsea, a short time later, filed a motion to expedite his sentencing hearing. [Def.'s Mot. for Earlier Hr'g, Doc. 517]. The Court denied the motion, for the same reasons it recited to him following his conviction. [Order, Doc. 520]. Mr. Elsea then filed a document in which he purports to waive his entitlement to the thirty-five-day period of review under Rule 32(e)(2). [Def.'s Waiver & Renewed Mot. for Earlier Hr'g, Doc. 522, at 6]. While the Court acknowledges his waiver, the fact remains that the Probation Office, currently

only ninety days out from Mr. Elsea's conviction, has not yet been able to complete and file a presentence investigation report.

In now seeking leave to file an interlocutory appeal due to "delayed justice," Mr. Elsea claims that the Court is trammeling his "constitutional right to appeal" and that his "due process is being held up" because the five-month period between his conviction and sentencing date is too long. [Def.'s Mot. at 1]. Under 28 U.S.C. § 1291, Congress created a final-judgment rule, which states that "[t]he courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States," 28 U.S.C. § 1291, "both civil and criminal," *Abney v. United States*, 431 U.S. 651, 657 (1977). "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945).

In a criminal case, the final-judgment rule ordinarily forecloses appellate review until after the defendant's conviction and the district court's imposition of sentence. *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989). The policy behind the final-judgment rule is straightforward: "Without the final order rule, cases might bounce back and forth between the trial and appellate courts, as disgruntled litigants seek to reverse each and every ruling, no matter how minor." *United States v. Martirossian*, 917 F.3d 883, 886 (6th Cir. 2019). This policy is at its "apex" in criminal cases. *Id.* (citing *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 265 (1982). A few "narrow" exceptions exist to the final-judgment rule, for a "limited class of final collateral orders," *Midland Asphalt.*, 489 U.S. at 798, 799, and "[t]o fall within the limited class of final collateral orders, an order must (1) 'conclusively determine the disputed question,' (2) 'resolve an important issue completely separate from the merits of the action,' and (3) 'be effectively unreviewable on appeal from a final judgment,'" *id.* (quotation omitted). If a

2

defendant satisfies these three narrow exceptions, a district court may, in its discretion, certify an order for interlocutory appeal, though courts must exercise their discretion "'with the utmost strictness' in criminal cases." *Id.* at 799 (quotation omitted).

Mr. Elsea currently has no path to an appeal because the Court has yet to sentence him and enter a final judgment. *United States v. Bratcher*, 833 F.2d 69, 71 (6th Cir. 1987) ("Final judgment in a criminal case means sentence. The sentence is the judgment." (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937))); *see* Fed. R. App. P. 4(b)(1) (stating that, in a criminal case, a defendant must tender his notice of appeal within fourteen days of a district court's entry of judgment). His request for leave to file an appeal therefore depends on whether he can satisfy the collateral-order rule, but he does not rely on the collateral-order rule, let alone fashion an argument under it. And nor can he rely on it because his current motion—in which, again, he bemoans the infringement of his "constitutional right to appeal" and his due-process rights—is not an appealable interlocutory order. [Def.'s Mot. at 1].

"A criminal defendant does not have a constitutional right to appeal," *United States v. Bergrin*, 885 F.3d 416, 419 (6th Cir. 2018) (citing *McKane v. Durston*, 153 U.S. 684, 687 (1894)), but the Sixth Circuit has held that the Due Process Clause contains a guarantee similar to the Sixth Amendment's guarantee to a speedy trial[1] and protects defendants from inordinate delays in an appellate court's resolution of a direct appeal. *United States v. Smith*, 94 F.3d 204, 206–07 (6th Cir. 1996). This constitutional protection against inordinate delays also applies to sentencing hearings. *See United States v. Young*, 146 F. App'x 824, 831 (6th Cir. 2005) ("The Sixth Amendment right to a speedy trial also applies to sentencing." (citing *United States v. Thomas*, 167 F.3d 299, 303 (6th Cir. 1999))). But a district court's denial of a speedy-trial related

---

[1] The Sixth Amendment states that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial."

3

Case 2:20-cr-00074-JRG-CRW   Document 589   Filed 06/16/22   Page 3 of 6   PageID #: 2103

motion—in this case, the Court's denial of Mr. Elsea's motion to expedite his sentencing hearing—is not an appealable interlocutory order. *See Walls v. Hemingway*, 27 F. App'x 553, 555 (6th Cir. 2001) ("[T]he Supreme Court held that denial of a pretrial motion to dismiss a criminal prosecution because of an alleged violation of the Sixth Amendment right to a speedy trial is not an appealable interlocutory order." (citing *United States v. McDonald*, 435 U.S. 850, 863 (1978))).

In any case, Mr. Elsea's complaints that the Court is perpetuating an unconstitutional delay of his sentencing hearing is baseless. In determining whether a delay in sentencing is unconstitutional, the Court considers four factors: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant. *Young*, 146 F. App'x at 831–32 (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)). The first factor, the delay's length, is "a triggering mechanism," meaning that "unless there is a period of delay that appears, on its face, to be unreasonable under the circumstances, 'there is no necessity for inquiry into the other factors.'" *Smith*, 94 F.3d at 209 (quoting *Barker*, 407 U.S. at 530)). The Sixth Circuit has recognized that a delay in sentencing is "considered to be 'presumptively prejudicial'" when it exceeds one year, *Young*, 146 F. App'x at 832 (quoting *Thomas*, 167 F.3d at 304), though it has also recognized that some courts do not view a delay as presumptively prejudicial until it reaches the two-year mark, *United States v. Howard*, 216 F. App'x 463, 477 (6th Cir. 2007).

The five-month period between Mr. Elsea's conviction and scheduled sentencing hearing falls well short of each of these temporal thresholds, and it is simply not so dilatory that it implicates his due-process rights. *Cf. United States v. Thomas*, 28 F. App'x 427, 430 (6th Cir. 2002) ("We [have] held . . . that '[a] delay of five months is not per se excessive under the Sixth

4

Amendment[.]'" (second alteration in original) (quotation omitted)); *cf. also United States v. Crider*, 468 F. App'x 457, 464 (6th Cir. 2012) (holding that the district court did not deprive the defendant of due process by entering the judgment and commitment order approximately eight months after the resentencing hearing); *Howard*, 216 F. App'x at 477 (rejecting the argument that the district court violated the defendant's due-process rights when the defendant waited thirteen months before receiving transcripts of his trial and sentencing).

In arguing that this five-month period amounts to a due-process infringement, Mr. Elsea appears to rely solely on a contention that "most all of [his] seven co-defendants received final sentence within 90 days." [Def.'s Mot. at 1]. But his contention is fallacious, and in fact, all of Mr. Elsea's co-defendants, except for two, waited or will have waited *more* than five months between their convictions and sentencing hearings:

| Defendant | Date of Change of Plea | Date of Sentencing | Time between Change of Plea and Sentencing |
|---|---|---|---|
| Charles Phelps | September 13, 2021 | March 14, 2022 | 6 months, 1 day |
| Judy Cayton | January 3, 2022 | June 13, 2022 | 5 months, 10 days |
| Steve Steward | January 3, 2022 | June 13, 2022 | 5 months, 10 days |
| Jerry Trapp | January 3, 2022 | June 13, 2022 | 5 months, 10 days |
| Christy Myers | January 5, 2022 | June 13, 2022 | 5 months, 8 days |
| Robert McClure | March 28, 2022 | August 22, 2022 | 4 months, 25 days |
| Mariah Steward | January 31, 2022 | June 6, 2022 | 4 months, 6 days |

5

In sum, the Court's denial of Mr. Elsea's request for an earlier sentencing date is not a final decision under § 1291, and it does not fit within the narrow limits of the collateral-order doctrine. Mr. Elsea identifies no valid legal basis that compels the Court to grant him leave to file an interlocutory appeal and permit this case to "bounce back and forth" between this Court and the Sixth Circuit Court of Appeals. *Martirossian*, 917 F.3d at 886. Mr. Elsea's motion for leave to file an interlocutory appeal [Doc. 583] is therefore **DENIED**, and his renewed motion for an earlier sentencing date [Doc. 522] is likewise **DENIED**.

Lastly, the Court would be remiss if it did not note that Mr. Elsea, despite strenuously and repeatedly asserting that he is entitled to an earlier sentencing date, insists that he will "not attend any sentencing hearing" over which this Court presides. [Def.'s Waiver & Renewed Mot. for Earlier Hr'g at 6]. Mr. Elsea is hereby **FOREWARNED** that his voluntary absence from his sentencing hearing may result in the Court's sentencing of him *in absentia*, *see* Fed. R. Crim. P. 43(c), as well as the Court's application of a two-level enhancement for obstruction of justice, *see* USSG § 3C1.1. In addition, his voluntary absence from his sentencing hearing may constitute a separate federal felony offense and subject him to further prosecution under 18 U.S.C. § 3146.

So ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE

6

Case 2:20-cr-00074-JRG-CRW   Document 589   Filed 06/16/22   Page 6 of 6   PageID #: 2106