UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:20-CR-00074-1-JRG-CRW |
| | ) | |
| CHARLES ELSEA, JR. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Charles Elsea, Jr.'s pro se motion [Doc. 551], in which Mr. Elsea moves the Court to recuse itself under 28 U.S.C. § 455, and the United States' Response in Opposition [Doc. 592]. Mr. Elsea previously waived his right to counsel and is acting pro se. *See* [Mem. Op. & Order, Doc. 181, at 1–3]. Following Mr. Elsea's conviction at trial on March 8, 2022, the Court set his sentencing hearing for Monday, August 8, 2022, but Mr. Elsea now moves the Court to recuse itself prior to sentencing, arguing that it is harboring bias and prejudice against him. [Def.'s Mot. at 1–3].

Under 28 U.S.C. § 455(a) and (b)(1), a federal judge must disqualify himself "in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), or when "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," *id.* § 455(b)(1). The appropriate inquiry is whether "a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." *United States v. Tolbert*, 459 F. App'x 541, 545 (6th Cir. 2012) (quoting *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990)). As the movant, Mr. Elsea carries the burden of establishing that recusal is necessary. *Burley v. Gagacki*, 834 F.3d 606, 616 (6th Cir. 2016). In invoking § 455, he insists that the Court should recuse itself because it denied his

request for a mistrial despite the fact that he demonstrated, during cross examination at trial, that Special Agent John Bulla lied to the grand jury. [Def.'s Mot. at 1–2, 3].

But Mr. Elsea, as the United States points out, must show that the Court's alleged bias or prejudice "emanates from some source *other* than participation in the proceedings or prior contact with related cases." *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251 (6th Cir. 1989) (emphasis added) (citation omitted); *see id.* at 1252 ("The critical test is whether the alleged bias 'stem[s] from an extrajudicial source and result[s] in an opinion on the merits on some basis other than what the judge learned from his participation in the case.'" (alterations in original) (quoting *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1965))).[1] Mr. Elsea fails to make this showing. He identifies no source of extrajudicial bias. Instead, he claims only that the Court must recuse itself because it "allowed the United States Constitution to be violate [sic]" and wrongly denied his motion for a mistrial. [Def.'s Mot. at 1, 3].

The Court's legal rulings, however, even if incorrect, do not constitute an independent basis for recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves . . . they cannot possibly show reliance upon an extrajudicial source[.]" (citing *Grinnell*, 384 U.S. at 583)); *In re Jones*, No. 20-6277, 2021 WL 1811625, at *1 (6th Cir. Feb. 2, 2021) ("Prejudice may generally not be established by challenging the correctness of a judicial ruling." (citing *Williams v. Anderson*, 460 F.3d 789, 815 (6th Cir. 2006))). Simply, this Court's sole source of knowledge of this case and its facts arose from the natural progression of the case itself, which precludes a finding of bias or prejudice. *See Liteky*, 510 U.S. at 550–51 ("The judge who presides at a trial may, upon completion of the evidence, be exceedingly ill disposed towards the

---

[1] The extrajudicial-source requirement applies to both § 455(a) and § 455(b)(1). *Liteky v. United States*, 510 U.S. 540, 553 (1994).

2

defendant, who has been shown to be a thoroughly reprehensible person. But the judge is not thereby recusable for bias or prejudice, since his knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings[.]"). In short, the only ground that Mr. Elsea appears to have for the Court's recusal is his own conviction that the Court is holding a personal bias or prejudice against him, but again, "[t]he standard is an objective one, and a judge 'need not recuse himself based on the subjective view of a party[,] no matter how strongly that view is held.'" *Tolbert*, 459 F. App'x at 545 (alteration in original) (quoting *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990))). Mr. Elsea's motion [Doc. 551] is therefore **DENIED**.

So ordered.

ENTER:

s/J. RONNIE GREER<br>
UNITED STATES DISTRICT JUDGE